Robert E. Barnes, Esq., SBN: 235919
Julia Damron, Esq., SBN: 301502
BARNES LAW
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017
Telephone:   (310) 510-6211
Facsimile:    (310) 510-6225
E-mail:   robertbarnes@barneslawllp.com
E-mail:   juliadamron@barneslawllp.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Green Party; Dr. Jill Stein; Angel Torres; and Linda Macias,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>Michele Reagan, in her official capacity as Secretary of State of Arizona,<br><br>　　　　　Defendant. | Case No.: _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**No Jury Trial Demanded** |

COMPLAINT

# INTRODUCTION

# PARTIES

1. Plaintiff Arizona Green Party is a political party headquartered in Arizona. The Arizona Green Party seeks the Arizona Secretary of State to accept its presidential elector nomination papers and place its presidential candidate, vice presidential candidate, and presidential electors on the general election ballot, so that its electors may cast electoral votes for the Green Party candidate for President of the United States if that person receive the most votes for President in the Arizona general election. The Arizona Green Party's presidential and vice presidential candidates and electors will not, according to the Secretary of State, appear on the Arizona general election ballot absent court action.

2. Plaintiff Dr. Jill Stein is a resident of Massachusetts, a supporter of the Green Party, and the presumptive nominee of the Green Party for President of the United States, pending the party's August 6, 2016 official nomination at the national convention, but who will not, according to the Secretary of State, appear on the Arizona general election ballot absent court action.

3. Plaintiff Angel Torres is a resident of Arizona, a supporter of the Arizona Green Party, the state co-chair of the Arizona Green Party, and an elector whose nomination paper was submitted to the Arizona Secretary of State, but who will not, according to the Secretary of State, appear on the Arizona general election ballot absent court action.

4. Plaintiff Linda Macias is a resident of Arizona, a supporter of the Arizona Green Party, a member of the Arizona Green Party state committee, and an elector whose

nomination paper was submitted to the Arizona Secretary of State, but who will not, according to the Secretary of State, appear on the Arizona general election ballot absent court action.

5. Defendant Michele Reagan is the Secretary of State of Arizona, and is sued in her official capacity. The Secretary of State oversees the State's electoral processes including but not limited to managing the submission process for presidential electors' nomination papers and affidavits of qualification and reviewing and accepting the papers filed by political parties.

## JURISDICTION AND VENUE

6. This is a civil action seeking declaratory, injunctive, and other legal and equitable relief, and the court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343(a), 1367, and 2201. The federal law causes of action are based on 42 U.S.C. § 1983. The state law causes of action are based on Ariz. Rev. Stat. ("A.R.S.") § 16-344 and A.R.S. Rules of Procedure for Special Actions, rules 3 and 4.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), on the ground that a substantial part of the events or omissions giving rise to the claims herein occurred in the District of Arizona.

## GENERAL ALLEGATIONS

8. A.R.S. § 16-344 sets forth a procedure by which political parties can designate their electors for presidential and vice presidential elections. In particular, it states that nominating papers and affidavits of the electors should be filed between 90 and

120 days before the primary election date. This year, the 90-day deadline before the August 30, 2016 primary election falls on June 1, 2016, which is a distant 160 days before the November 8, 2016 general election. The statute provides no remedy for a late filing nor any restrictions on accepting papers filed after the deadline.

9. Arizona is one of only two states that require political parties to submit the names of their presidential elector candidates before the primary for Congress and partisan state office. They are also one of only two states that require political parties to submit these names prior to August 1 of the presidential election year. Arizona has no statutory deadline for a party to certify the names of its presidential and vice-presidential nominees to the state.

10. Arizona does not place the names of presidential and vice presidential candidates on its regular primary election ballot. Instead, it holds a presidential preference primary. This year, the presidential preference primary occurred on March 22, 2016, and the Arizona Green Party participated. Although the presidential preference primary occurs before the regular primary election, ballots for the general election stating the presidential candidates are not printed until after the regular primary election because candidates for other positions besides president appear on the primary ballot.

11. The Arizona Green Party is a recognized political party in Arizona.

12. On June 1, 2016, state co-chair for the Arizona Green Party, Angel Torres, received a telephone message from the Arizona Secretary of State informing him that the deadline to file the Arizona Green Party's eleven presidential electors' nomination papers and affidavits of qualification (the "Papers") was June 1, 2016, at 5:00 p.m. This was the first time the Arizona Secretary of State informed the Arizona Green Party of the

deadline to file the Papers. Yet, even at that late date, the Arizona Secretary of State's Elections Office had not sent the Arizona Green Party the correct and updated nomination papers forms to complete to meet the June 1, 2016, deadline, and the updated forms could not be located on the Arizona Secretary of State's website.

13. After learning for the first time that the Papers were due on June 1, 2016, at 5:00 p.m., Angel Torres contacted members of the Arizona Green Party, including the eleven electors, in order to get the Papers signed and submitted as soon as possible. The Green Party used the 2012 form because it did not receive the 2016 form until June 9, 2016. Maricopa County, where the Secretary of State's office is located, is a very large county geographically, and travel time was a factor in submitting the Papers.

14. Mr. Torres hand-delivered the Papers with a cover letter to the Arizona Secretary of State's office on June 9, 2016. The office issued a receipt for the Papers and took possession of them, but elections officials said that the deadline to file them had passed. They also said that the Arizona Green Party would need to go to court to require the Secretary of State to accept the Papers.

15. True and correct copies of the cover letter and the Papers, with personal contact information redacted, are attached hereto as Exhibit 1. A true and correct copy of the receipt issued to Mr. Torres by the Arizona Secretary of State's office regarding the Papers, with personal contact information redacted, is attached hereto as Exhibit 2.

16. Throughout several exchanges of e-mail correspondence with Mr. Torres and a meeting in person, representatives of the Secretary of State's office have never suggested that the "late" filing of the nomination papers in any way caused any prejudice to the Secretary of State's office.

17. The Arizona Green Party had not received any notice or reminder from the Arizona Secretary of State regarding the June 1, 2016 deadline or regarding Arizona's process for nominating presidential elector candidates for the general election ballot in general, as it had for previous presidential election cycles.

18. In the past, the Arizona Secretary of State had sent numerous notices and reminders to the Green Party well in advance of election filing deadlines. This occurred for the 2012 presidential elector nomination process, among other instances.

19. The Green Party will hold its national convention on August 4–7, 2016. Other political parties' conventions are held shortly before those dates.

## COUNT ONE:

**The Secretary's Decision Violates the First and Fourteenth Amendment Rights to Free Speech, Free Association, and Voting Rights of the Arizona Green Party**

(By Plaintiffs Arizona Green Party, Dr. Jill Stein, Angel Torres, and Linda Macias against Defendant Michele Reagan, in her official capacity as Secretary of State of Arizona)

19. Plaintiffs incorporate the allegations set forth in the preceding paragraphs of this complaint as though fully set forth herein.

20. The Defendants' actions, acting under color of state law, deprived and severely burdens the political speech and political association rights of the Arizona Green Party and its members in direct violation of the First and Fourteenth Amendments to the United States Constitution, as remedial by 42 U.S.C. § 1983.

21. Ballot access restrictions, such as those limiting the ability of electors to cast votes if nominations for the electors are not received far in advance of the general election, diminish the statewide and national viability of the organization whose ballot presence is denied, thereby diminishing the value of votes cast by the harmed parties.

22. Under A.R.S. § 16-344, Arizona is one of only two states which prescribe that individual electors be named before the national party convention takes place. Such a process constitutes bad public policy since it mandates that electors be chosen before the identity of the national party's nominee is known. This increases the possibility that electors will not vote for the nominee of the party in the electoral college and therefore runs counter to the obligation of electors to vote for their party's candidate.

23. A.R.S. § 16-344's statement that the nominating papers and affidavits be filed more than 90 days in advance of the primary election (which, in 2016, means 160 days before the general election) is unreasonably early and raises the possibility that a minor technical violation of the filing date which causes no actual or theoretical prejudice to the secretary of state's office, the rest of the government, or citizens in general could result in the electorate being denied the opportunity to vote for the presidential and vice presidential nominees of an established political party is unconstitutional.

24. Defendant, acting under color of state law, has deprived Plaintiffs of the rights, privileges and immunities secured to them under the First and Fourteenth Amendments to the United States Constitution and section 1983 of title 42 of the United States Code to participate in the democratic process—through which the party members engage one another and through which the party engages in the public at large—free from unreasonable impediments, undue restraints on core political speech, discriminatory

ballot access restrictions, and unjust limitations on associational and expressive rights afforded them by law.

25. Plaintiffs have no adequate remedy at law for such deprivation of their rights, privileges and immunities.

26. If A.R.S. § 16-344 is construed to allow the Secretary of State to have no discretion, then the statute violates the First and Fourteenth Amendments of the United States Constitution.

**COUNT TWO:**

**The Secretary's Decision Violates The Equal Protection Clause of The Fourteenth Amendment to The United States Constitution**

(By Plaintiffs Arizona Green Party, Dr. Jill Stein, Angel Torres, and Linda Macias against Defendant Michele Reagan, in her official capacity as Secretary of State of Arizona)

27. Incorporating all facts stated elsewhere herein, the Secretary's actions, acting under color of state law, deprived Plaintiffs of the rights, privileges, and immunities secured to them under the equal protection clause of the Fourteenth Amendment to the United States Constitution and section 1983 of title 42 of the United States Code to participate in the democratic process free from discriminatory action, both in intent and deliberate effect, by enforcing A.R.S. § 16-344—the arbitrary restrictions that the Secretary has relied on in her decision to reject the Arizona Green Party's Papers despite the fact that the general election is still almost four months away.

28. Arizona law does not require independent presidential candidates to submit

8

their list of elector candidates until 60 days before the general election, which in 2016 is September 9. (A.R.S. § 16-341.) Further, nationwide the Democratic Party or the Republican Party have sometimes failed to strictly adhere to statutory deadlines for submitting presidential elector names or presidential and vice-presidential nominee names. When this has happened, states have always printed the Democratic and Republican Party's presidential candidates on the November ballot anyway. States have never required strict adherence to these deadlines when the two major parties have missed the deadlines.

29. Further, for years the Arizona Secretary of State had given multiple types of notice to political parties well in advance of critical deadlines in the election process. This year, however, the Secretary of State gave no notice whatsoever to the Arizona Green Party prior to the afternoon of the actual deadline day for presidential electors' nomination forms. Receiving these notices helps third parties, like the Arizona Green Party, who do not have the resources to constantly monitor deadlines that change every year.

30. Plaintiffs have no adequate remedy at law for such deprivation of their rights, privileges, and immunities.

## COUNT THREE:

**Arizona Special Action, A.R.S. Special Actions, Rules of Proc., Rules 3, 4**

(By Plaintiffs Arizona Green Party, Dr. Jill Stein, Angel Torres, and Linda Macias against Defendant Michele Reagan, in her official capacity as Secretary of State of Arizona)

31. Plaintiffs incorporate the allegations set forth in the preceding paragraphs of this complaint as though fully set forth herein.

32. The Secretary of State has interpreted A.R.S. § 16-344 as eliminating all discretion on her part regarding whether or not to place candidates on the ballot for president or vice president regardless of whether any actual or theoretical prejudice has been suffered by the Secretary of State's office.

33. A.R.S. § 16-344 does not mandate that presidential and vice presidential candidates be kept off the ballot simply because of ministerial failure to file by the date stated therein. In particular, the statute fails to address the situation where no actual or theoretical prejudice has been suffered because of the "late" filing.

34. The Secretary of State does have discretion to allow presidential and vice presidential candidates of continuing political parties to be placed on the ballot where no prejudice has been suffered as a result of a "late" filing.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully ask this Court:

A. To grant an order requiring the Secretary of State to take all actions necessary to place the names of Dr. Jill Stein, as presidential candidate of the Green Party, the vice presidential candidate of the Libertarian Party, and the Green Party electors on all election ballots in all counties of the State of Arizona for the November 8, 2016, general election as the presidential and vice presidential nominees and electors of the Green Party.

B.   Alternatively, to grant permanent injunctive relief enjoining and restraining Defendant, her servants, agents, employees, and all other persons in active concert and participation with her from denying the Arizona Green Party the ability to put its candidate on the ballot for the upcoming presidential election, in particular:

(1) A permanent injunction pursuant to A.R.S. Special Actions, Rules of Proc., restraining the Secretary of State from: (i) refusing to place the names of Dr. Jill Stein, as presidential candidate of the Green Party, the vice presidential candidate of the Libertarian Party, and the Green Party electors on the November 8, 2016 general election ballot.

(2) A permanent injunction ordering the Secretary of State to take all actions necessary to place the names of Dr. Jill Stein, as presidential candidate of the Green Party, the vice presidential candidate of the Libertarian Party, and the Green Party electors on all election ballots in all counties of the State of Arizona for the November 8, 2016, general election as the presidential and vice presidential nominees and electors of the Green Party.

C.   To enter a judgment declaring that the Secretary of State cannot reject the elector nominating papers of a qualified political party merely because that party filed their nominating papers six business days after a deadline set 160 days before the general election, in conformity with the Free Speech, Free Expression, and Free Association clauses of the First Amendment of the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, each enforced against such state action through the Fourteenth Amendment of the United States Constitution;

    D.    To award Plaintiffs costs and disbursements associated with the filing and maintenance of this action, including an award of reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    E.    To award such other equitable and further relief as the Court deems just and proper.

DATED: June 22, 2016

Respectfully submitted,

BARNES LAW

/s/ Robert E. Barnes
Robert E. Barnes, Esq.
Attorney for Plaintiffs